■ SONIA CRIALES, Appellant, v TWO PENN PLAZA ASSOCIATES et al., Defendants, and PENN PLAZA SERVICE CORP., Respondent. [731 NYS2d 236] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Glover, J.), entered November 3, 2000, which, upon the granting of the motion of the defendant Penn Plaza Service Corp. pursuant to CPLR 4401, made at the close of evidence, to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to prove a prima facie case, is in favor of that defendant and against her dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff allegedly was injured when she was struck by bookshelves that collapsed while she was cleaning an office located within a suite of offices at Two Penn Plaza. She subsequently commenced this action against, among others, the respondent, which leased the suite of offices. The respondent subleased individual offices to various businesses. The subtenants occupied the offices on a month-to-month basis without written subleases. Although the respondent could not identify the individual or entity which sublet the office where the plaintiff was injured, the plaintiff described a man she had seen working in the office each evening when she came to clean. There was no evidence that the man was employed by or associated with the respondent. At the close of evidence at trial, the Supreme Court granted the respondent's motion to dismiss the complaint insofar as asserted against it for the plaintiff's failure to prove a prima facie case.

The plaintiff contends that the Supreme Court erred in denying her request to submit the case to the jury on the theory of

res ipsa loquitur. Such a submission is warranted only when a plaintiff can establish that: (1) the accident is of a kind that ordinarily does not occur in the absence of negligence; (2) the agency or instrumentality causing the accident was in the exclusive control of the defendant; and (3) the accident was not due to any voluntary action or contribution by the plaintiff (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). Here, the plaintiff failed to establish the second element of "exclusive control." The evidence did not fairly rule out the chance that the accident was caused by some means other than the respondent's negligence (*see, Dermatossian v New York City Tr. Auth., supra*, at 228). Consequently, the plaintiff was not entitled to a res ipsa loquitur charge. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.